**IN THE UNITED STATES DISTRICT COURT
FORTHE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION**

| | |
|---|---|
| PAULETTE WEBSTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:11-cv-00018-LGW-JEG |
| ) | |
| ENHANCED RECOVERY ) | |
| COMPANY, LLC, AKA ) | |
| ENHANCED RECOVERY ) | |
| CORPORATION ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS**

**COMES NOW** Defendant Enhanced Recovery Company, LLC ("Defendant"), and respectfully submits this memorandum of law in support of its Motion to Dismiss and for Sanctions under Rule 37(d) of the Federal Rules of Civil Procedure. In support of this motion, Defendant demonstrates the following:

**I.     INTRODUCTION.**

This case should be dismissed, with prejudice, because Plaintiff Paulette Webster ("Webster") has repeatedly refused to cooperate in discovery and participate in her own lawsuit, including her most recent failure to respond to Defendant's discovery requests and Motion to Compel. Indeed, Defendant has made requests of Webster to work with Webster to try to get her to cooperate in discovery, but Webster has failed to even provide Defendant with a response to its correspondence or discovery attempts. Defendant has been forced to incur attorneys' fees and

expenses to try to get Webster to cooperate in this case and it should not be further prejudiced by Webster's unwillingness to do so. As such, this case should be dismissed, with prejudice.

## II.     FACTS

1.     On February 22, 2011, Plaintiff commenced this lawsuit against Defendant alleging that Defendant's debt collection practices violated the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 et seq., and the Telephone Consumer Protection Act (the "TCPA"), 47 U.S.C. § 227.  (ECF No. 1).[1]

2.     On or about October 20, 2011, Defendant served Plaintiff with its Discovery Requests.  (ECF No. 25-1, Exhibit "B").  As a result, Plaintiff's responses were due on or about November 22, 2011.  However, Plaintiff failed to respond in any way either by objection, response, production or even by contacting Defendant's counsel to request an extension of time in which to respond to the Discovery Requests.

3.     On October 20, 2011, Defendant sent Plaintiff a good faith letter in an effort to resolve Plaintiff's failure to respond to the Discovery Requests.  (ECF No. 25-1, Exhibit "C").  However, Plaintiff failed to respond to Defendant's good faith letter as well.

---

[1] On this same date, Plaintiff commenced three additional lawsuits alleging debt collection violations against debt collectors other than Defendant. (A true and correct copy of the civil docket reports for the cases of Webster v. Media Collections, Inc.; Webster v. Global Credit; and Webster v. ICUL Service Corporation are attached to Defendant's Motion to Compel; Exhibit "A.") The cases share a similar procedural history. Specifically, in all cases, including this case, Plaintiff's counsel filed a motion to withdraw as counsel of record on June 8, 2011. (See Id). ECF  No. 25). In two of the cases, the Court granted Plaintiff's counsel's motion to withdraw after which the Plaintiff failed to prosecute the case or respond to discovery requests or court orders. (See Exhibit "A"). As such, the Chief Judge Lisa G. Wood entered an Order dismissing the case of Webster v. Media Collections, Inc. on September 28, 2011 for Plaintiff's failure to respond to the Court's Order to Show Cause and for failing to prosecute the action. (See Exhibit "A"). Also, on October 31, in the case of Webster v. Global Credit 2011, this Court granted the Defendant's Motion to Compel discovery requests for Plaintiff's failure to respond to defendant's discovery requests. (See Exhibit "A"). Subsequently, on November 15, 2011, the Court entered a Notice of No Opposition to the Defendant's Motion to Dismiss. (See Exhibit "A"). In the remaining case of Webster v. ICUL Service Corporation, the parties entered into a Joint Stipulation of Dismissal that was approved by the Court prior to the Court's Order on Plaintiff's Counsel's Motion to Withdraw. (See Exhibit "A").

4. Despite Defendant's attempt to resolve Plaintiff's discovery violations without court intervention, Plaintiff has failed to respond to either Defendant's correspondence or to the Discovery Requests.

5. Therefore, Defendant was forced to file a Motion to Compel seeking this Court's intervention with regard to Webster's refusal to participate in this lawsuit. (ECF No. 25).

6. However, Plaintiff has failed to respond to Defendant's Motion to Compel.

### III.  ARGUMENT

Webster's case must be dismissed because she deliberately and repeatedly refuses to cooperate with discovery or participate in this case. Rule 37(d) of the Federal Rules of Civil Procedure, entitled "Party's Failure to Attend Its Own Deposition, Serve Answers to Interrogatories, or Respond to a Request for Inspection" states as follows:

> The court where the action is pending may, on motion, order sanctions if: (i) a party . . . fails, after being served with proper notice, to appear for that person's deposition; or (ii) a party, after being properly served with interrogatories under Rule 33 or a written request for inspection under Rule 34, fails to serve its answers, objections, or written response.

Fed. R. Civ. P. 37(d)(1)(A). Under Rule 37(d), when confronted with a party failing to respond to written discovery requests, this Court may take action authorized under subparagraphs Rule 37(b)(2)(A)(i)-(vi). *See Fed. R. Civ. P. 37(d)(3).*

Such action includes: (i) directing that the matters embraced in the order or other designated facts be taken as established for the purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part; (vi) rendering a default judgment against the disobedient party.

Fed. R. Civ. P. 37(b)(2); *see also Kelly v. Old Dominion Freight Line, Inc.*, 376 F. App'x 909, 912 (11th Cir. 2010) (pursuant to Rule 37(d), a court may sanction a party who fails to participate in discovery and dismissal of the action is listed as an appropriate sanction).

Deliberate and repeated refusals to comply with discovery also justify the use of the ultimate sanction of dismissal under Rule 37(d). *Id.* (citing *Griffin v. Aluminum Co. of Am.*, 564 F.2d 1171, 1172 (5th Cir. 1977)). "In addition to, or instead of, these sanctions, 'the court must require the party failing to act . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified. . . .'" *Id.* at 915 (quoting Fed. R. Civ. P. 37(d)(3)). Moreover, pro se litigants are not excused from mistakes involving "procedural rules in ordinary civil litigation." *Id.* at 913 (quoting *McNeil v. United States*, 508 U.S. 106, 113 (1993)). *McNeil v. United States*, 508 U.S. 106, 113 (1993)).

In the instant action, Webster deliberately and repeatedly refuses to comply with any of Defendant's discovery requests and has further refused to respond to Defendant's Motion to Compel. Therefore, Webster's complete failure to cooperate in discovery, to communicate with Defendant and to respond to Defendant's Motion to Dismiss requires that this case be dismissed, with prejudice, pursuant to Fed. R. Civ. P. 37.

**IV. CONCLUSION**

For the foregoing reasons, Defendant respectfully requests that this Court grant its Rule 37 Motion for Sanctions and dismiss this action, with prejudice. In the alternative, Defendant requests that this Court enter an order: (i) continuing this case and all deadlines; (ii) awarding Defendant its expenses and attorney's fees for preparing this motion; and (iii) compelling Webster to respond to Defendant's discovery requests.

This 5th day of January, 2011.

5

|  |  |  |
|---|---|---|
|  | GILBERT, HARRELL, SUMERFORD & MARTIN, P.C. | |
|  | | |
| 777 Gloucester Street, Suite 200 | By: | */s Jeffrey S. Ward* \_\_\_\_\_ |
| P.O. Box 190 | | Jeffrey S. Ward |
| Brunswick, GA 31520 | | Georgia Bar No. 737277 |
| Telephone:  (912) 265-6700 | | **ATTORNEYS FOR THE DEFENDANT** |

# IN THE UNITED STATES DISTRICT COURT
# FORTHE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

| | |
|---|---|
| PAULETTE WEBSTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:11-cv-00018-LGW-JEG |
| ) | |
| ENHANCED RECOVERY ) | |
| COMPANY, LLC, AKA ) | |
| ENHANCED RECOVERY ) | |
| CORPORATION ) | |
| ) | |
| Defendant. ) | |
| ) | |

## CERTIFICATE OF SERVICE

    I do hereby certify that I have filed the foregoing **Memorandum of Law in Support of Defendant's Motion to Dismiss** with prejudice has been filed with the Clerk of Court using the CM/ECF system, and has been served upon the following counsel of record for all parties on this 5<u>th</u> day of January, 2012 by First Class Mail postage pre-paid:

Paulette Webster<br>
702 Avalon Ave.<br>
Brunswick, FA 31523

This 5<u>th</u> day of January, 2012.

                                             GILBERT, HARRELL, SUMERFORD & MARTIN, P.C.

                                             By:    */s Jeffrey S. Ward*

777 Gloucester Street, Suite 200         Jeffrey S. Ward
P.O. Box 190                                      Georgia Bar No. 737277
Brunswick, GA 31520
Telephone: (912) 265-6700               **ATTORNEYS FOR THE DEFENDANT**